**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

|  | § |  |
|---|---|---|
|  | § |  |
| **IN RE: $44,200.00 IN U.S. CURRENCY** | § | **Case NO:** _____ |
|  | § |  |
|  | § |  |

**<u>MOTION FOR RETURN OF PROPERTY PURSUANT TO</u>**
**<u>FED. R. CRIM. P. 41(g) AND 18 U.S.C. § 983(e)</u>**

COMES NOW, RENÉ E. DE COSS, Attorney for Movant Gilberto De Leon D.B.A. Gallery Export Inc., and files this action for return of property pursuant to FED. R. CRIM. P. 41(g), 19 U.S. C. §1607(a), 18 U.S.C. § 983(a), § 983(e) and the Fifth Amendment of the United States Constitution.  Movant, the lawful owner of the seized currency, respectfully moves this Court for return of the property and states as follows:

I.        INTRODUCTION AND FACTUAL BACKGROUND

On April 29,2025, federal agents seized $44,200.00 in U.S. Currency from Raymundo Moreno, who entered the Country legally and legally reported the importation and possession of the U.S. currency. Mr. Moreno is an employee of Movant and was merely transporting the funds as a possessor/bailee for Movant.

Administrative forfeiture proceedings were initiated against Possessor/bailee (Case Number 2025230100024201) **(Exhibit 1)**, but Movant — the actual owner — was never served with any notice.  U.S. Customs and Border Protection was aware at the time of the importation that the owner of the currency was the Movant herein **(Exhibit 2)** but did not issue any notice or initiate any administrative proceedings as required, in violation of 18 U.S.C. § 983 and the Due Process Clause of the Fifth Amendment.  Further A person aggrieved by an unlawful seizure of property

or by the deprivation of property may move for the property's return pursuant to Fed. R. Crim. P. 41(g).

II.    LEGAL ARGUMENTS

1. Movant is the lawful owner of the seized funds.  Possessor had no ownership interest and was carrying the cash with Movant's permission.  **(Exhibit 2)**

2. Although the U.S. currency was duly reported **(Exhibit 1)**, agents seized the cash without probable cause of any violation, as a result no one involved was charged with any crime.

3. The government initiated administrative forfeiture but sent notice only to the possessor, Movant received no personal written notice.   Under the current customs laws, if the value of the seized property is below $500,000, CBP must send written notice to each party that has an interest in the claim or seized property.12 19 U.S.C. § 1607 ; 19 C.F.R. § 162.31. The notice informs the claimant of a number of available options to address the seized property, which include filing a petition for remission; filing an offer in compromise; abandoning the property; or requesting the matter be referred to the U.S. Attorney for institution of judicial forfeiture proceedings.

   To initiate nonjudicial civil forfeiture proceedings, the government must (1) publish notice of the seizure "for at least three successive weeks in such manner as the Secretary of the Treasury may direct" and **(2) send "[w]ritten notice of seizure together with information on the applicable procedures . . . to each party who appears to have an interest in the seized article[s].**" 19 U.S.C. § 1607(a); 18 U.S.C. § 983(a). The government must send the notice "in a manner to achieve proper notice as soon as practicable, **and in no case more than 60 days after the date of seizure."** 18 U.S.C. § 983(a).

The forfeiture will be "void and must be vacated" where a party "with an interest in forfeited funds [did not] receive constitutionally adequate notice[.]" *Robinson*, 434 F.3d at 362. Constitutionally adequate notice is that which is "reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Taylor*, 483 F.3d at 388 (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).

4. Notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950).  In this case U.S. Customs and Border Protection knew exactly who the owner of the currency was and his address **(Exhibit 2)** and they still did not follow the law regarding the forfeiture of these funds.  In cases where the information is readily available to authorities, compliance with statutory and constitutional notice requirements are essential components of the statutory regime." Glasgow v. United States Drug Enforcement Admin., 12 F.3d 795, 797 (8th Cir.1993).  Although the government is under no obligation to employ extraordinary means to notify an interested party to a forfeiture proceeding, when the government has in its possession information which would enable it to effect actual notice on an interested party, it is unacceptable to ignore that information and rely on notification by publication. Cf. Aero-Medical, Inc. v. United States, 23 F.3d 328, 331 (10th Cir.1994) (notice was unreasonable when DEA knew address to which notice sent was invalid, and made no attempt to notify plaintiff's registered agent, whose identity was in its possession); United States v. Woodall, 12 F.3d 791, 794 (8th Cir.1993) (notice sent to incorrect address was unreasonable when DEA had actual

knowledge of party's whereabouts); <u>Glasgow, 12 F.3d at 798</u> (notice unreasonable when government failed to disclose when claimant should file claim, information critical to his right of judicial forfeiture).

5.  The Due Process Clause of the Fifth Amendment guarantees that "[n]o person shall be ... deprived of life, liberty, or property, without due process of law." U.S. CONST. amend. V. "The essence of due process is the requirement that a person in jeopardy of serious loss (be given) notice of the case against him and opportunity to meet it." <u>*Mathews* , 424 U.S. at 348–49, 96 S.Ct. 893</u>  "The deprivation of real or personal property involves substantial due process interests." <u>*Krimstock v. Kelly* , 306 F.3d 40, 61 (2d Cir. 2002) (Sotomayor, J.)</u> (citing *United States v. James Daniel Good Real Prop.* , 510 U.S. 43, 53–54, 114 S.Ct. 492, 126 L.Ed.2d 490 (1993) ).

6.  The property owner may file a motion under Federal Rule of Criminal Procedure 41(g) for the return of seized property.<u>15</u> *See* <u>*United States v. Sims* , 376 F.3d 705, 708 (7th Cir. 2004)</u> ; *cf.* <u>*Krimstock* , 306 F.3d at 52 n.12</u> (distinguishing forfeiture under the customs law and noting that under the customs law applicable in <u>*Von Neumann*</u> , the claimant could file a motion under Federal Rule of Criminal Procedure 41(g) "for return of the seized vehicle if he or she 'believe[d] the initial seizure was improper' " (quoting <u>*Von Neumann,* 474 U.S. at 244 n.3, 106 S.Ct. 610</u> ) (brackets in *Krimstock* )). Although a Rule 41(g) motion is generally available in the context of an ongoing criminal proceeding, **the court can properly construe it as a civil complaint under the court's general equity jurisdiction.**

Thus, Rule 41(g) provides an additional avenue to challenge the seizure before a

neutral decision maker and is "an action frequently taken to force the government agency to act expeditiously." *Muhammed v. Drug Enf't Agency, Asset Forfeiture Unit*, 92 F.3d 648, 651–52 (8th Cir. 1996).

III.    REQUEST FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Movant Gilberto De Leon d/b/a Gallery Export Inc. respectfully prays that this honorable Court Grant this Motion and order the immediate return of the $44,200.00 in seized U.S. Currency to Movant. In the alternative, set aside any Declaration of Forfeiture pursuant to 18 U.S.C. § 983(e), set this matter for an evidentiary hearing if necessary, and award such other and further relief, including costs and attorney's fees where permitted, as the Court deems just and proper.

Respectfully submitted,

RENÉ E. DE COSS, SBN: 00795315
Federal ID #: 20563
Attorney at Law
914 E. Van Buren
Brownsville, Texas 78520
Phone: (956) 550-8330
Fax: (956) 550-0641

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument has been forwarded on date of filing, to United States Attorney's Office and to the Fines, Penalties and Forfeitures Department U.S. Customs and Border Protection Office by the electronic filing system.

RENÉ E. DE COSS

## VERIFICATION

STATE OF TEXAS                                    §
COUNTY OF CAMERON                                 §

BEFORE ME, the undersigned Notary Public, on this day personally appeared, Gilberto De Leon who being by me duly sworn on oath deposed that he is the owner and operator of Galley Export Inc. and that he claimed ownership of the $44,200.00 seized, and said he has read the foregoing Petition for return of property and that every statement contained therein is within his personal knowledge and is true and correct.

_____
Gilberto De Leon

SUBSCRIBED AND SWORN TO BEFORE ME on the _20th_ of _May_ , 20 _26_ , to certify which witness my hand and official seal.



MICHELLE LOPEZ
My Notary ID # 135537396
Expires October 22, 2029

_Michelle Lopez_
Notary Public in and for
the State of _Texas_
My commission expires
_October 22_ , 20 _29_ .